### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**CHRISSY CHARLET LUCKIE, #L3629**                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:06cv446WHB-JCS**

**CHRISTOPHER EPPS, et al.**                                              **DEFENDANTS**

### MEMORANDUM OPINION

On August 14, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.   On August 16, 2006, this Court entered two orders in this case.  One order directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.   The plaintiff has failed to respond or comply with this order.  The second order entered on August 16, 2006, directed the plaintiff to file a completed application to proceed *in forma pauperis*, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days.  The plaintiff has failed to comply with this order.

On October 13, 2006, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for her failure to comply with the Court's August 16, 2006  orders. The plaintiff was warned in the October 13, 2006 order that if she did not comply with the Court orders her case would be dismissed without further notice to the plaintiff.

The plaintiff was warned in a notice of assignment from the Clerk and all of the above mentioned orders, that her failure to keep this Court advised of her current address could result in the dismissal of this action.  The orders were mailed to the plaintiff's last known address.  On August 25, 2006, the envelope containing the August 16, 2006 orders was returned by the postal service with a notation "Return to Sender, undeliverable."  On October 24, 2006, the envelope containing the October 13, 2006 order was returned by the postal service with a notation "Return to Sender, undeliverable."

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has she contacted this Court since August 14, 2006.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide

that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No.

05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 28th day of  November, 2006.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE